UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REUBEN J. TRENIDAD,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FRANKLIN COUNTY JAIL,<br>SHERIFF R. LATHIM and CAPTAIN<br>R. LONG,<br><br>　　　　　　Defendants. | NO: 2:14-CV-0171-TOR<br><br>ORDER DISMISSING COMPLAINT |

By Order filed September 16, 2014, the Court advised Plaintiff of the deficiencies of his complaint and directed him to amend within sixty (60) days (ECF No. 11). Plaintiff, a prisoner at the Franklin County Jail, is proceeding *pro se* and *in forma pauperis;* Defendants have not been served. Plaintiff did not comply with the Court's directive. Although warned that failure to comply would result in the dismissal of this action, Plaintiff has filed nothing further.

In his complaint, Plaintiff failed to present facts from which the Court could infer that Defendant Lathim was aware of constitutional violations or that any

ORDER DISMISSING COMPLAINT--1

alleged violations were caused by a custom or policy he established. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor can only be held liable for his or her own culpable action or inaction). Therefore, **IT IS ORDERED** the Complaint against Defendant Lathim is **DISMISSED.**

The Franklin County Jail was not a properly named Defendant to this action. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (municipal police departments and bureaus are generally not considered "persons" within the meaning of section 1983). Plaintiff failed to amend his complaint to name Franklin County as a Defendant or to assert that Franklin County had unconstitutional policies, regulations, or ordinances, promulgated by officials with final policy-making authority, which resulted in a deprivation of his constitutionally protected rights. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988); *Monell v. Dept. of Social Services*, 436 U.S. at 690. Therefore, **IT IS ORDERED** the Complaint against Defendant Franklin County Jail is **DISMISSED.**

## ALLEGATIONS AGAINST CAPTAIN LONG

The Court found that Plaintiff's allegations against Defendant Captain Long regarding the use of excessive, injurious restraints in May 2014, and the

ORDER DISMISSING COMPLAINT--2

interference with his access to the court by denying him paper and an envelope to prepare and mail a complaint to the U.S. District Court, were sufficient to state claims for relief.  The Court instructed Plaintiff that if he wished to pursue these claims in this action, he would have to present them in an amended complaint.  Plaintiff did not do so.

"Pursuant to Federal Rule of Civil Procedure 41 (b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  The District Court should consider five factors when deciding whether to dismiss a case for failure to obey a court order:

> (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Ferdik*, 963 F.2d at 1260-61 (Citations omitted).

The first two factors weigh in favor of dismissal.  The need to manage the docket and the public's interests are served by a quick resolution of civil rights litigation.  The third factor also favors dismissal.  Defendants will not be prejudiced if the claims are dismissed because they have not yet been served.  Only the fourth factor arguably weighs against dismissal.  However, Plaintiff has simply not demonstrated an interest in pursuing his claims.  As for the fifth factor, the only

ORDER DISMISSING COMPLAINT--3

1  less drastic alternative would be to allow Plaintiff yet more time to amend his
2  complaint.  Plaintiff, however, has already had more than two months in which to
3  file an amended complaint; and failed to do so.  Allowing a further extension
4  would frustrate the purpose of the first two factors; therefore, the fifth factor favors
5  dismissal.  On balance, the four factors that favor dismissal outweigh the one that
6  does not.  *Ferdik*, 963 F.2d at 1263 (*citing, Malone v. United States Postal Serv*,
7  833 F.2d 128, 133 n.2 (9th Cir. 1987) (four factors heavily supporting dismissal
8  outweigh one against dismissal)).  Accordingly, **IT IS ORDERED** that Plaintiff's
9  complaint is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and
10 failure to obey the Court's previous order.

   **IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order,
12 enter judgment, and close the file.

13    **DATED** December 16, 2014.



                    THOMAS O. RICE
                    United States District Judge

ORDER DISMISSING COMPLAINT--4